

**NUMBER 13-13-00408-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DANA BISHOP,                                                                        Appellant,

v.

VRM (VENDOR RESOURCE
MANAGEMENT DULY
AUTHORIZED AGENT FOR THE
SECRETARY OF VETERANS AFFAIRS),                          Appellee.

On appeal from the County Court at Law No. 4
of Williamson County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes**
**Memorandum Opinion Per Curiam**

Dana Bishop, proceeding pro se, attempts to appeal a June 6, 2013 final judgment

of possession entered by the County Court at Law No. 4 of Williamson County, Texas in a

forcible detainer action pertaining to 1910 Timberwood Drive, Cedar Park, Texas.[1] Appellee, VRM (Vendor Resource Management), duly authorized agent for the Secretary of Veterans Affairs, has filed an amended motion to dismiss this appeal as moot on grounds that appellant did not supersede enforcement of the trial court's judgment and a writ of possession for the property was issued on or about June 27, 2013. Appellee thus contends that this appeal has been rendered moot because it is now in possession of the subject property. Appellant has filed an objection to the motion to dismiss alleging that she was never properly served in the lawsuit and a judgment was not rendered against her. However, the clerk's record on file in this appeal shows that appellant was served with citation and appeared below both in person and as represented by counsel.

The only issue in an action for forcible detainer is the right to actual possession of the premises, and the merits of title shall not be adjudicated. *See* TEX. R. CIV. P. 746; *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *Wilhelm v. Federal Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). If a supersedeas bond in the amount set by the trial court is not filed, the judgment in a forcible detainer action may be enforced and a writ of possession may be executed evicting the defendant from the premises in question. *See* TEX. PROP. CODE ANN. § 24.007 (West 2000 & Supp. 2013); *Marshall*, 198 S.W.3d at 786; *Wilhelm*, 349 S.W.3d at 768. Our review of the clerk's record indicates that appellant did not file a supersedeas bond in an amount set by the trial court and appellee has obtained

---

[1] This appeal was transferred to this Court from the Third Court of Appeals by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220(a) (West Supp. 2011) (delineating the jurisdiction of appellate courts); TEX. GOV'T CODE ANN. § 73.001 (West 2005) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

possession of the property under a writ of possession.

The failure to supersede the judgment does not divest appellant of her right to appeal. *See Marshall*, 198 S.W.3d at 786–87. However, the Texas Supreme Court has held that if a defendant in a forcible detainer action is no longer in possession of the premises, then an appeal from the forcible detainer judgment is moot unless the defendant asserts a potentially meritorious claim of right to current, actual possession of the premises. *See id.* at 787; *Wilhelm*, 349 S.W.3d at 768. We have carefully reviewed appellant's objection to the motion to dismiss, appellant's brief, and the clerk's record on file, and we conclude that the appellant has not raised a potentially meritorious claim of right to current, actual possession of the subject property.

Accordingly, we GRANT appellee's first amended motion to dismiss. We DISMISS the appeal as moot. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768. All remaining pending motions, including appellant's motion for leave to file a supplemental brief and appellee's motion to extend time to file its brief, are likewise DISMISSED as moot.

PER CURIAM

Delivered and filed the 16th
day of January, 2014.